**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil Nos. 09-mc-073 and 09-mc-074 (PJS/FLN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| SCOTT M. STEVENSON, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

These summons enforcement matters came on for a hearing before the undersigned Magistrate Judge on November 23, 2009 in connection with Amended Orders to Show Cause issued on October 28, 2009. (Case No. 09-mc-73, Doc. No. 5; Case No. 09-mc-74, Doc. No. 4.) For the reasons that follow, the Court recommends that the relief requested by the government be granted, and that the summonses at issue be enforced.

**FACTUAL BACKGROUND[1]**

In furtherance of an Internal Revenue Service ("IRS") investigation into the tax liabilities of Respondent Scott M. Stevenson, on March 16, 2009, Revenue Officer Pamela Owens served two summonses on Respondent. One summons sought testimony and the production of documents relating to Respondent's receipt of taxable income for the years 1997 through 2008, and the other summons sought testimony and the production of

---

[1] The factual information reflected in this Report and Recommendation is taken from the June 4, 2009 affidavit of Pamela Owens attached to the government's petitions; from the text of the subpoenas themselves; and from the November 23, 2009 hearing and other evidence of record in these matters.

1

documents relating to the collection of Respondent's tax liability for those years. Respondent was instructed to come in and appear before Officer Owens on April 16, 2009.

In response to the summonses, Mr. Stevenson appeared before the agency but refused to comply with the summonses. He refused to provide any of the testimony or documents requested. The agency therefore issued a "last chance" letter to Mr. Stevenson on May 8, 2009, instructing him to appear before Officer Owens on May 21, 2009. Once again, although he appeared in response to the letter, Mr. Stevenson refused to comply with the summonses.

On August 11, 2009, the United States petitioned this Court for the enforcement of both IRS summonses. (Case No. 09-mc-73, Doc. No. 5; Case No. 09-mc-74, Doc. No. 4.) The undersigned Magistrate Judge issued orders to show cause (later amended), requiring Respondent to appear before the Court to explain why he should not be compelled to obey the summonses[2] and ordering him to file and serve a written response to the petitions setting forth any defenses or motions at least five business days before the scheduled hearing. Respondent did not submit anything in writing. However, he did make an appearance at the November 23, 2009 hearing.

## ANALYSIS

Section 7602 of Title 26 of the United States Code (part of the Internal Revenue Code) authorizes the IRS to summon certain persons and data "for the purpose of

---

[2] Because of a typographical error, the amended orders to show cause referenced summonses served on April 2, 2009, rather than March 16, 2009, as reflected in the government's petition and supporting documentation. Respondent did not raise this issue at the hearing and it was clear that all parties understood the proceeding to relate to the March 16, 2009 summonses.

determining the liability of any person for any internal revenue tax." Federal district courts have jurisdiction to enforce such a summons pursuant to 26 U.S.C. § 7604. Enforcement of a summons under § 7604 is appropriate where the record shows that "the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58 (1964). The Commissioner may establish a *prima facie* case for enforcement of a summons by a "minimal showing of good faith compliance with summons requirements." United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005) (internal quotations and citation omitted). Such good faith can be demonstrated by the affidavit of an IRS agent. Id.

The United States has met the requirements for the summonses to be enforced pursuant to 26 U.S.C. § 7604. Specifically, the affidavit of Officer Owens establishes that the testimony and documentation requested are necessary and appropriate for enforcement of the internal revenue laws and that the books, papers, records and other data sought are not already in possession of the agency. According to the affidavit, no criminal referral has been made to the Department of Justice concerning Respondent, and all administrative steps required for issuance of the summonses were taken. Jurisdiction and venue are proper, as the record reflects that Respondent resides in Maple Grove, Minnesota. See also 26 U.S.C. § 7402. This is sufficient to meet the government's burden to make out a *prima facie* case that enforcement is appropriate. See United States v. Fond Du Lac Reserv. Bus. Committee, 906 F. Supp. 523, 527 (D. Minn. 1995).

Respondent did not contest the government's factual allegations, either in writing or at the hearing. Those allegations are therefore deemed admitted. Respondent has thus failed to meet the "heavy" burden necessary to overcome the government's *prima facie* case of enforceability. Norwood, 420 F.3d at 893.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Court enter an Order directing the Respondent, Scott M. Stevenson, within 45 days:

1. to obey every requirement of the two IRS summonses issued to him on March 16, 2009;

2. specifically, to appear within 45 days before Revenue Officer Pamela Owens at the IRS offices at 6200 Shingle Creek Parkway, Suite 610, in Brooklyn Center, Minnesota, 55430, to provide testimony and to produce the categories of documents and records listed in the two summonses at issue in these matters.

It is further recommended that the United States be awarded its costs for maintaining these actions.

Entered this 7th day of December ,2009.

BY THE COURT:

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 21, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which

objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 21, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.